**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HRISTO LYUBOMIROV BARAMOV, | No. 07-72709 |
| Petitioner, | Agency No. A098-824-991 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Hristo Lyubomirov Baramov, a native and citizen of Bulgaria, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's finding that Baramov failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground because he did not demonstrate that his wife's Roma ethnicity, or any other protected ground, was a central reason for the problems he experienced in Bulgaria. *See Parussimova v. Mukasey*, 555 F.3d 734, 741-42 (9th Cir. 2009). Accordingly, Baramov's asylum claim fails.

Because Baramov failed to establish asylum eligibility, it necessarily follows that he cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Baramov failed to establish it is more likely than not he will be tortured if returned to Bulgaria. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Finally, Baramov's contention that the BIA failed to consider his claims based on membership in a particular social group is not supported by the record. In addition, because the record indicates no error by the agency, we reject

Baramov's contention that the agency violated his due process rights. *See Lata v.*

*INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for due process

violation).

      **PETITION FOR REVIEW DENIED.**